# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ALSTON KING                                                                           PETITIONER

v.                                                                              No. 4:09CV31-M-S

MARGARET BINGHAM, ET AL.                                                             RESPONDENTS

## MEMORANDUM OPINION

Alston King, an inmate confined to the Mississippi Department of Corrections, seeks federal habeas corpus relief under 28 U.S.C. § 2254. He challenges his conviction and sentence in the Circuit Court of Sunflower County, Mississippi. For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

## Fact and Procedural Posture

On February 24, 2004, Alston King was convicted in the Circuit Court of Sunflower County, Mississippi of possession of marijuana with intent to distribute and possession of cocaine with intent to distribute. On February 27, 2004, the court sentenced King for the possession of cocaine with intent to distribute to serve thirty (30) years, and for the possession of marijuana with intent to distribute to serve ten (10) years, all in the custody of the Mississippi Department of Corrections. The sentence for the marijuana charge runs consecutively to the cocaine charge, with the ten (10) year sentence suspended, and five (5) years post-release supervision. *See* Supreme Court Record (Cause No. 2004-KA-00688-COA), Vol. 1, p. 46-47.

King appealed the convictions and sentences to the Mississippi Supreme Court, raising the following issues (through counsel):

1.  The trial court erred in overruling Petitioner's motion to suppress evidence seized during the illegal search of his residence and motion to suppress statements he made during his interrogation.

2. The trial court erred in refusing to grant his motion for a directed verdict of acquittal at the close of the state's case and in refusing to grant his requested peremptory instruction.

3. The verdict of the jury was against the overwhelming weight of the evidence.

On July 22, 2008, the Mississippi Court of Appeals affirmed the judgments of the Circuit Court. (2004-KA-00688-COA). King did not file a motion for rehearing or petition for writ of certiorari in that court.

On November 5, 2008, King filed a motion for post-conviction relief (PCR) in the Mississippi Supreme Court, raising the following three issues (*pro se*):

1. The search leading to Petitioner's arrest was unlawful on the merits that a warrantless entry into his residence to extinguish a fire and determine its origin did not authorize firefighters to search for evidence of crime and seize alleged evidence, violating Petitioner's Fourth Amendment Rights and those rights of Article III, Section 23 of the Mississippi Constitution.

2. The verdict of the jury was against the overwhelming weight of the evidence, as the State failed to establish the box/safe containing the drugs was in the dominion and control of Petitioner and that he had intent to sell or distribute said drugs.

3. The weight and sufficiency of the evidence did not support Petitioner's conviction.

The Mississippi Supreme Court denied this motion on December 10, 2008, holding that his claims were raised in the direct appeal, procedurally barring the issues raised in his petition under Mississippi Code § 99-39-21. *See* Misc. Pleading, Cause No. 2006-M-01829.

On March 30, 2009, King applied for a writ of habeas corpus in this court. He alleges the following (as stated by the Petitioner):

1. Illegal search pursuant to the fourth amendment.

2. The verdict was against the overwhelming weight of the evidence.

3. That the weight and sufficiency of the evidence did not support Petitioner's conviction.

The State responded to the motion on January 13, 2010. King has submitted several replies and

other motions.

## Discussion

King concedes that he did not file a motion for rehearing or a petition for writ of certiorari, asserting that further filings in state courts would have been futile. (No. 4:09CV31-M-S). However, exhaustion of all claims in state court is a prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), cert. denied, 116 S.Ct. 115 (1996) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion rule requires a petitioner to have presented the substance of his claims to the state courts before seeking federal *habeas corpus* relief. *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). This doctrine gives state courts the first opportunity to review federal constitutional issues and correct any errors – minimizing friction between the federal and state systems of justice. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted)). A federal court may not grant federal habeas corpus relief on an unexhausted claim, but relief may be denied on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999).

King did not exhaust these claims in state court, and the deadline to do so has expired. King did not seek rehearing of his direct appeal with the Mississippi Court of Appeals in a timely fashion. Thus he forfeited the opportunity to seek certiorari with the Mississippi Supreme Court. *See* Mississippi Rules of Appellate Procedure 40. Moreover, the Mississippi Supreme Court held the instant claims to be procedurally barred when raised in his motion for PCR, under Miss. Code Ann. § 99-39-21 because they were raised on direct appeal. For these reasons,

King's claims are procedurally defaulted for purposes of federal habeas corpus relief. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

"[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . there is a procedural default for purposes of federal habeas . . . ." *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991).

The court does not apply a procedural default automatically. In order to proceed with federal *habeas corpus* review of procedurally defaulted claims, King must demonstrate "'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 749-50 (internal citations omitted).

> Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in fundamental miscarriage of justice.

*Id.* at 751.

King has shown neither cause for his default nor prejudice arising from application of it. As such, he does not benefit from the "cause and prejudice" exception to overcome the procedural default.

The final means of avoiding a procedural bar is the fundamental miscarriage of justice exception to the general cause and prejudice test. *Lott v. Hargett*, 80 F.3d 161, 166 (5th Cir. 1996) (quoting *Coleman*, 501 U.S. at 751). "This exception applies in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually

innocent . . . ." *Lott*, 80 F.3d at 166 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (holding that ineffective assistance of counsel can be cause for a procedural default)). King has neither alleged nor proved that he is actually innocent of the crimes of his conviction. As such, he cannot overcome the procedural default based upon a fundamental miscarriage of justice, and his grounds for relief in the present petition will be dismissed as procedurally barred.

## Conclusion

Alston King did not pursue the claims in his petition for habeas corpus relief to conclusion in the Mississippi Supreme Court. He has thus defaulted these claims. He has demonstrated neither cause for the procedural default nor clear and convincing evidence of actual innocence. He has not shown cause under the cause and prejudice test necessary to permit this court to reach the merits of the claims despite the procedural bar. He has not shown that an external impediment prevented him from filing a motion for rehearing or petition for certiorari. Furthermore, there will be no fundamental miscarriage of justice if King's claims are not heard on the merits because he has not presented any proof of his actual innocence. Accordingly, the court denies federal habeas corpus relief, and the instant petition will be dismissed with prejudice.

**SO ORDERED,** this the 9th day of June, 2010

/s/ MICHAEL P. MILLS  
**CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**  
**NORTHERN DISTRICT OF MISSISSIPPI**